UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DAMIEN A. SUBLETT                                        PLAINTIFF

v.                                            CIVIL ACTION NO. 5:12CV-P106-R

RANDY WHITE, WARDEN et al.                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff, Damien A. Sublett, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

*Motions*

Before initial screening, however, the Court will consider Plaintiff's pending motions. First, Plaintiff has moved to amend the complaint to add two defendants. The motion (DN 6) is **GRANTED**. Fed. R. Civ. P. 15(a)(1).

Plaintiff also has filed a motion for default judgment against Defendants for their failure to timely answer or move to dismiss the complaint. Defendants in this case would only be required to answer the complaint in this case if the complaint survives initial screening and the Court orders Defendants to be served. *See* § 1915A; *McGore*. This has not happened, and therefore any failure of Defendants to answer or otherwise respond to the complaint is not cause for a default judgment. Plaintiff's motion (DN 7) is **DENIED**.

### I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Kentucky State Penitentiary (KSP), sues KSP Warden Randy

White, KSP Unit Administrator Duke Petit, and KSP Corrections Officer David Smith in their official capacities. His amended complaint names as additional Defendants KSP Unit Administrator Bruce Von Dwingelo and KSP Lieutenant James Beavers, also in their official capacities. He alleges that in October 2005 he was classified as a medium-security inmate per correctional policy and procedures and statutory authority. He states that in March 2009 he was transferred from Green River Correctional Complex, a medium-security prison, to KSP, a maximum-security prison. He states that on May 14, 2012, he was given a mandatory custody review after which his classification committee decreased his prior custody level score of 23 to a security score of 19 points, both of which scores are medium-security levels. He alleges that he is being improperly housed at KSP, a maximum-security state penitentiary, when he has maintained a medium-security custody level. He alleges that his Fourteenth Amendment Due Process rights have been violated by not processing him in accordance with established policy and procedures.

As relief, Plaintiff asks for monetary and punitive damages. He also asks for the Court to enjoin him from being housed at KSP and to order him housed at a medium-security prison. His amended complaint also asks for removal of all disciplinary reports and segregation time from his institutional record.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

   Plaintiff sues Defendants, who are state employees, in their official capacities.  Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law.  *See* § 1983.  States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Thus, Plaintiff's claims for money damages from these state officers in their official capacities fail to allege cognizable claims under § 1983.  Moreover, Defendants are immune from monetary damages under the Eleventh Amendment.  *See id.*  The Court will dismiss the claims for monetary relief pursuant to §§ 1915A(b)(1) and (b)(2).

   However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive

relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n.10.  The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach.  There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id.* at 757.

However, Plaintiff is not entitled to injunctive relief because he has suffered no constitutional violation.  "The Fourteenth Amendment prohibits any State from depriving a person of life, liberty, or property without due process of law." *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976).  Plaintiff alleges that his due process rights have been violated by being housed at a maximum-security prison.  A prisoner has no constitutional right to remain in a particular institution or to be transferred from one institution to another. *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995).  Nor does Kentucky law provide prisoners with any liberty interest in remaining in one particular place of confinement.  *See* Ky. Rev. Stat. §§ 196.070(1), 197.065 (granting Department of Corrections discretion to decide where to place or transfer prisoners).  In *Meachum*, 427 U.S. at 223-29, the Supreme Court held that transfers between prisons of different severity, such as between a medium-security prison and a maximum-security prison, did not deprive the prisoner of liberty within the meaning of the Due Process Clause.  Consequently, Plaintiff's due process claim fails.

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc:     Plaintiff, *pro se*
        Defendants
4413.009